IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, NATIVE ECOSYSTEMS COUNCIL, COUNCIL ON WILDLIFE AND FISH, and YELLOWSTONE TO UINTAS CONNECTION,<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIAM MULHOLLAND, in his official capacity as Tally Lake District Ranger, Flathead National Forest; and the UNITED STATES FOREST SERVICE,<br><br>Defendants,<br><br>and<br><br>AMERICAN FOREST RESOURCE COUNCIL,<br><br>Defendant-Intervenor. | CV 25–5–M–KLD<br><br>ORDER |

The Montana Department of Natural Resources and Conservation ("DNRC"), has filed a motion for leave to intervene the above-captioned case as a matter of right under Federal Rule of Civil procedure 24(a) or, in the alternative, permissively under Fed. R. Civ P. 24(b). (Doc. 53). DNRC further requests

modification of the Court's previously issued scheduling order. Plaintiffs and Defendant-Intervenor American Forest Resource Council ("AFRC") do not oppose the motion. Federal Defendants take no position on the motion. (Doc. 53 at 1).

A litigant seeking to intervene under Fed. R. Civ. P. 24(a) bears the burden of establishing that the following criteria are satisfied: (1) the motion is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993); *DBSI/TRI IV Ltd. Partnership v. United States,* 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949,

954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

All four criteria for intervention as of right are satisfied in this case. This case is in its early stages, and there is no indication that allowing DNRC to intervene will prejudice the existing parties. DNRC moved to intervene without delay, and its motion is thus timely. This action challenges the Forest Service's Round Star Vegetation Management Project on the Flathead National Forest. As detailed in its supporting brief, DNRC has a significant protectable interest that may be impaired as a result of this litigation. Statutory mandates related to wildfire protection and timber production form the basis for DNRC's protectable interests. These mandates apply to state and private lands within the Project area. DNRC's interests therefore may be impaired by the results of the litigation, which would affect forest management on federal lands adjacent to the state and private lands in the Project area. Finally, DNRC has shown that, as an executive agency of the State of Montana, it has unique interests that will not be adequately represented by existing parties. DNRC has a distinct statutory mandate and, unlike AFRC and Federal Defendants, DNRC has unique concerns and responsibilities related to Montana citizens.

Because DNRC satisfies the criteria for intervention as of right and no existing party argues otherwise,

IT IS ORDERED that the motion to intervene (Doc. 53) is GRANTED. DNRC shall be permitted to intervene as of right in this matter, and the case caption shall be modified accordingly.

IT IS FURTHER ORDERED that

(1) DNRC's filing deadlines shall mirror those for Defendant-Intervenor AFRC, as reflected in the case management plan (Doc. 23) with the minor modification ordered by the Court on June 6, 2025 (Doc. 32).

(2) DNRC and AFRC shall file separate briefs and have separate time for oral argument but shall file joint statements of fact.

(3) The case management plan is modified as followed:

- Deadline for DNRC's consolidated cross-motion for summary judgment and response to Plaintiffs' motion for summary judgment (limited to 7,000 words): September 18, 2025

- Deadline for Plaintiffs' combined response to Federal Defendants' and Defendant-Intervenors' cross-motions for summary judgment and reply in support of their motion for summary judgment (limited to 12,000 words): October 8, 2025

- Deadline for Federal Defendants' reply in support of their cross-motion for summary judgment (limited to 7,000 words): October 29,

2025

- Deadline for AFRC's reply in support of their cross-motion for summary judgment (limited to 7,000 words): November 5, 2025

- Deadline for DNRC's reply in support of their cross-motion for summary judgment (limited to 4,000 words): November 5, 2025

IT IS FURTHER ORDERED that DNRC shall refile the submissions (Docs. 53-1, 53-2, 53-3) attached to the instant motion to intervene.

DATED this 30th day of July, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge